VANITA B. STANBACK v. FRED J. STANBACK, JR.

No. 8019SC1222

(Filed 21 July 1981)

**Divorce and Alimony § 18.16— agreement to pay attorneys' fees and taxes—summary judgment proper**

In plaintiff's action to recover from defendant monies allegedly due plaintiff under a contract, the trial court properly entered summary judgment for defendant where the parties agreed that defendant would reimburse plaintiff for attorneys' fees incurred in the parties' divorce proceeding; defendant was to reimburse plaintiff for any additional federal or state income tax she might have to pay should the taxing authorities disallow plaintiff's deduction of the amount she paid her attorneys; the object of the agreement of the parties was to save plaintiff from tax liability for the attorneys' fees which defendant paid

her; the IRS resolved the tax problem presented by defendant's payment to plaintiff of plaintiff's attorneys' fees by allowing plaintiff to exclude the amount defendant paid her from her income and by disallowing her deduction for the same amount; and the result was that, for the amount of the attorneys' fees which defendant paid plaintiff, there was no tax liability and therefore no genuine issue as to the agreement of the parties.

APPEAL by plaintiff from *Wood, Judge.* Order entered 15 August 1980 in Superior Court, ROWAN County. Heard in the Court of Appeals 2 June 1981.

Plaintiff instituted this action to recover from defendant monies allegedly due plaintiff under a contract. That contract has been the subject of an opinion filed in this Court, *Stanback v. Stanback,* 37 N.C. App. 324, 246 S.E. 2d 74 (1978), and of an opinion of the Supreme Court, *Stanback v. Stanback,* 297 N.C. 181, 254 S.E. 2d 611 (1979). As relevant to this appeal, plaintiff's complaint alleged that, by a separation agreement entered into in March 1968, defendant agreed to reimburse plaintiff for attorneys' fees which were to be set by the trial court which heard plaintiff's and defendant's divorce proceeding. At the same time, the parties made a supplementary agreement whereby defendant was to reimburse plaintiff for any additional federal or state income tax she might have to pay should the taxing authorities disallow plaintiff's deduction of the amount she paid her attorneys. This supplementary agreement was put in writing by a letter from defendant's counsel to counsel for plaintiff.

According to the complaint, the trial judge determined that $31,000.00 was a reasonable amount to be paid for the services rendered by plaintiff's attorneys during the divorce litigation between the parties. Defendant paid this amount to plaintiff according to their agreement, and plaintiff reported this as income, as well as a deduction, on her 1968 tax return. The Internal Revenue Service (I.R.S.), however, disallowed $28,500.00 of the deduction, and this disallowance increased plaintiff's 1968 tax liability by $13,371.10, plus interest from the due date. Although plaintiff made a valid effort to sustain the claim, she was unsuccessful. Her demands upon the defendant to reimburse her were refused, thereby causing plaintiff to suffer mental pain and anguish. Additionally, the Internal Revenue Service placed a lien upon plaintiff's house, thus causing further humiliation. Plaintiff also alleged that defendant's actions in breaching the contract were

Stanback v. Stanback

"willful, malicious, calculated, deliberate, and purposeful," and plaintiff, therefore, sought punitive damages.

The dismissal, pursuant to Rule 12(b)(6), of other claims made by plaintiff was upheld by the Supreme Court in *Stanback v. Stanback, supra.* Subsequently, on 31 January 1980, plaintiff moved to amend her complaint to allege that Security Bank and Trust Company, from whom plaintiff had borrowed money in order to pay off the I.R.S. lien upon her home, had foreclosed their deed of trust on plaintiff's home. Plaintiff sought to add that the defendant had caused said foreclosure by his willful refusal to comply with his contractual obligations.

On 15 February 1980, plaintiff again moved to amend her complaint to increase her claim for punitive damages from $100,000 to $250,000. On 6 August 1980, defendant filed a motion for summary judgment. At the hearing on these motions, the following dialogue occurred between counsel for plaintiff and the court:

> COURT: The only thing I'm asking is has she been refunded this thirteen thousand, three hundred sixty-eight, thirty-nine and the twenty-nine hundred, eighty-nine dollars?

> MR. BRINKLEY: She has received refunds not in those exact amounts, but refunds which would cover — which would be in excess of those amounts because the refunds include interest from the date of the payment that she made — that payment was made, I think, in 1974.

> . . .

> MR. BRINKLEY: . . . They had not allowed the deduction of attorneys' fees. What they have said is that the thirty-one thousand dollars moving from Fred Stanback to Vanita Stanback is not income to her. So, she does not have to include that.

After considering the evidence adduced at the hearing, the motions, the depositions of the plaintiff and of the defendant, and numerous other exhibits, the trial court reaffirmed its earlier denial of plaintiff's motions to amend her complaint and granted defendant's motion for summary judgment. Plaintiff has appealed from that judgment.

*Brinkley, Walser, McGirt, Miller & Smith, by Walter F. Brinkley and Benjamin G. Philpott, for plaintiff appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by Norwood Robinson, George L. Little, Jr., and Robert E. Price, Jr., for defendant appellee.*

HEDRICK, Judge.

Plaintiff assigns as error the trial court's granting of summary judgment in favor of the defendant.

Upon a motion for summary judgment, the duty of the court is to determine whether there is a genuine issue of material fact which should be tried by a jury. *Zimmerman v. Hogg & Allen, Professional Association,* 286 N.C. 24, 209 S.E. 2d 795 (1974). The moving party has the burden of establishing the absence of any triable issue, and this burden may be carried by the movant's showing that an essential element of the opposing party's claim is nonexistent. *Id.* The moving party must also show that he is entitled to judgment as a matter of law. *Id.*

In the present case, in order to recover for the alleged breach of contract, plaintiff had to prove that there was an enforceable agreement between the parties and that there was a breach of the agreement by defendant. The agreement between the parties was contained in a letter from defendant's attorney to the attorneys for plaintiff:

> We agree that if Vanita Stanback is unable to deduct the fees she is required to pay you during 1968 that Fred Stanback will pay to her through you the difference in the federal and state income tax that she is required to pay by virtue of being unable to make this deduction for attorneys' fees.

The meaning of this contract is determined by the intention of the parties, "which is ascertained by the subject matter of the contract, the language used, the purpose sought, and the situation of the parties at the time. [Citations omitted]" *Pike v. Trust Co.,* 274 N.C. 1, 11, 161 S.E. 2d 453, 462 (1968). From the entire agreement and the underlying circumstances of the agreement, it would appear that defendant was agreeing to assure plaintiff that she would suffer no additional tax as a result of his payment to

her of the $31,000 attorneys' fees. Plaintiff further verified this interpretation in a deposition which was before the court:

> [Plaintiff and her accountant] did what we were supposed to do, and my attorneys did what they were supposed to do. They and I were supposed to include $31,000 as taxable income on the return, and we did. . . .
>
>     . . .
>
> I did understand I was to include the $31,000 in my tax return, and I did that.

The record shows that the I.R.S. resolved the tax problem presented by defendant's payment to plaintiff of plaintiff's attorneys' fees, by allowing plaintiff to exclude the $31,000.00 from income and by, of course, disallowing her deduction for the same amount. The result was that, for the $31,000.00 attorneys' fees which defendant paid plaintiff, there was no tax liability. We read this result as being the object of the agreement of the parties. There is, therefore, no genuine issue as to the agreement of the parties. Furthermore, since the result eventually obtained through I.R.S. matched the result intended by the parties, there was no issue of defendant's breach of the agreement. Summary judgment in favor of defendant on the issue of breach of contract was proper.

Plaintiff also assigns as error the court's granting of summary judgment on the issue of punitive damages. In her complaint, plaintiff alleged that defendant's conduct in breaching the contract was "willful, malicious, calculated, deliberate, and purposeful . . . ," and that, as a result of defendant's breach, plaintiff "had suffered great mental anguish and anxiety. . . ." Since we have already held that summary judgment was proper on the claim of breach of contract, it follows that an essential element of plaintiff's claim for punitive damages has been negated. The granting of summary judgment on that issue was, therefore, proper.

Given the conclusion we have reached in the foregoing assignment of error, we deem it unnecessary to discuss plaintiff's additional assignments of error relating to the court's denial of plaintiff's motions to amend her complaint. Neither of these

assignments of error affects this decision, and both are rendered moot by this opinion.

Summary judgment in favor of defendant is

Affirmed.

Judges MARTIN (Harry C.) and WELLS concur.